# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1985
Lower Tribunal No. 23-202-GD-02
_____

**Ricardo R. Corona, et al.,**
Appellants,

vs.

**In Re: Orlando Silva, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Corona Law Firm, P.A., and Ricardo Corona, Ricardo M. Corona and Nina Tarafa, for appellants.

Silva & Silva, P.A., and Paul Jon Layne, for appellees.

Before SCALES, C.J., and EMAS, and LINDSEY, JJ.

SCALES, C.J.

Appellants Richard R. Corona and Corona Law Firm, P.A. (together "Corona") moved, under Florida Rule of Civil Procedure 1.230, to intervene in the guardianship proceedings of Dr. Orlando Silva (the "Ward"). Corona's objective was to have the guardianship court revisit an earlier order declaring the Ward incompetent to testify as a witness. Such a ruling, according to Corona, would allow Corona to depose the Ward in a separate defamation action pending in the circuit court's civil division, brought against Corona by the Ward's guardian. On October 31, 2024, the guardianship court summarily denied Corona's intervention motion, and Corona timely appealed this final order.

We review a final order denying a motion to intervene for abuse of discretion. Merrick Park, LLC v. Garcia, 299 So. 3d 1096, 1103 (Fla. 3d DCA 2019). Corona sought to have the guardianship court cede to the trial court in the defamation case the guardianship court's authority over the Ward's welfare, specifically the issue of whether the Ward had capacity to be a witness in a legal proceeding. The guardianship court, however, has the primary responsibility and wide latitude to protect a ward. See Hayes v. Guardianship of Thompson, 952 So. 2d 498, 505 (Fla. 2006) ("In guardianship proceedings, the overwhelming public policy is the protection of the ward."); Ash v. Ash, 332 So. 3d 563, 569 (Fla. 3d DCA 2021). The

guardianship court is in a better position than the defamation court to determine whether the Ward is competent to testify as a witness. Under the facts and circumstances presented in this case, we discern no abuse of discretion in the guardianship court's denial of Corona's intervention motion.

Furthermore, Corona sought to intervene in the guardianship proceeding under Florida Rule of Civil Procedure 1.230. Florida's civil procedure rules, though, apply to guardianship proceedings only as expressly provided in the Florida Probate Rules. Fla. Prob. R. 5.010 ("The Florida Rules of Civil Procedure apply *only* as provided herein.") (emphasis added). The only Florida Probate Rule potentially incorporating rule 1.230 is rule 5.025(d)(2), which states that the rules of civil procedure apply in an adversary probate proceeding. See Estate of Arroyo v. Infinity Indem. Ins. Co., 211 So. 3d 240, 244 (Fla. 3d DCA 2017).

Hence, for the Florida Rules of Civil Procedure to have applied to the guardianship proceeding – such that Corona's intervention motion would have been cognizable by the guardianship court – it was incumbent upon Corona to have the guardianship proceeding declared as an "adversary" proceeding, as contemplated in rule 5.025(b). Because Corona did not do this, the trial court did not err in denying Corona's intervention motion.

Affirmed.